1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | DAVID DIETRICK, | CASE NO. C16-705 MJP

11 | Petitioner, | CASE NO. CR 11-253 MJP

12 | v. | ORDER GRANTING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

13 | UNITED STATES OF AMERICA,

14 | Respondent.

15

16   The above-entitled Court, having received and reviewed

17   1.   Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a

18   Sentence by a Person in Federal Custody (Dkt. No. 1)

19   2.   Respondent's Answer Opposing Motion Filed Under 28 U.S.C. § 2255 (Dkt. No. 4)

20   3.   Petitioner's Reply to Government's Answer to Motion Under 28 U.S.C. § 2255 to

21   Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (Dkt. No. 7)

22 and all relevant portions of the record, rules as follows:

23   IT IS ORDERED that the motion is GRANTED.

24

**Background**

1

2        On March 16, 2012, this Court sentenced Petitioner to 92 months of imprisonment, to be

3    served concurrently with his state sentence.  United States v. David Dietrick, Case No. CR11-

4    253-MJP, Dkt. No. 27 (W.D. Wash. 2012). At sentencing, the Court agreed with the Government

5    and Probation that Petitioner was a "career offender" because of his two Washington convictions

6    (a 2005 first-degree robbery in violation of RCW 9A.56.200 and a 2008 residential burglary in

7    violation of RCW 9A.52.025).  The record is silent as to the basis upon which the Court

8    concluded that these were crimes of violence that elevated Petitioner to career offender status;

9    i.e., whether they were "enumerated offenses" or fell under either the elements clause or the

10   residual clause of USSG § 4B1.2.

11       The Presentence Report and the Government calculated that the Petitioner had a total

12   offense level of 23, with an advisory Guideline range of 92 to 115 months.  Had Petitioner not

13   been found to be a career offender, the Guideline range would have been 33 to 41 months.

14       Petitioner's Motion, brought following the Supreme Court's decision in Johnson v.

15   United States, 135 S. Ct. 2551 (2015), challenges his career offender finding.  In Johnson, the

16   Supreme Court ruled on a section of the Armed Career Criminal Act ("ACCA") known as the

17   "residual clause," which provided a definition of "violent felony."  The ACCA residual clause

18   provided that a violent felony was one that "otherwise involves conduct that presents a serious

19   potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  In Johnson, the

20   Supreme Court held that this clause was "unconstitutionally vague."  135 S. Ct.  at 2557.  In

21   doing so, the Court necessarily found the clause "vague in all its applications," id. at 2561, and

22   concluded that "[i]ncreasing a defendant's sentence under the clause denies due process of law."

23   Id. at 2557.  Later, in Welch v. United States, the Supreme Court held that Johnson applies

24

1  retroactively to defendants whose sentences were enhanced under the ACCA's residual clause.

2  136 S. Ct. 1257, 1265 (2016).

3       Although Petitioner was sentenced as a career offender under the Guidelines rather than

4  under the ACCA, the Guidelines' definition of "crime of violence" includes a sentence identical

5  to the ACCA residual clause.  See USSG § 4B1.2(a)(2) (providing that a "crime of violence

6  means any offense…[that] otherwise involves conduct that presents a serious potential risk of

7  physical injury to another"); see also United States v. Spencer, 724 F.3d 1133, 1138 (9th Cir.

8  2013) (holding that the Ninth Circuit makes "no distinction between the terms 'violent felony'

9  [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing

10  Guidelines] for purposes of interpreting the residual clause[s]").

11       Petitioner now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255,

12  arguing that the sentence imposed is unconstitutional under Johnson and Welch.  (Dkt. No. 1.)

13  The Government agrees that "the crime of Residential Burglary no longer qualifies as a crime of

14  violence."  (Answer, Dkt. No. 4 at 2.)  This concession notwithstanding, the Government

15  opposes Petitioner's request for relief, arguing that (1) Petitioner's ability to raise his claim is

16  barred by the collateral attack waiver contained in his plea agreement; (2) Petitioner's claim is

17  untimely and procedurally barred; (3) Petitioner's sentence was not imposed in violation of the

18  Constitution or the laws of the United States because Johnson does not apply retroactively on

19  collateral review to defendants, such as Petitioner, who are merely challenging a court's advisory

20  Guidelines calculation as opposed to an enhanced ACCA sentence that exceeds the otherwise

21  applicable statutory maximum; (4) Petitioner "has no basis to challenge the first degree robbery

22  conviction's status as [a] crime of violence because he cannot show the court actually relied on

23

24

1  the residual clause when evaluating that conviction;" and (5) "robbery in the first degree is

2  categorically a crime of violence without reference to the residual clause." (Id.)

3  As explained in more detail below, the Court agrees with Petitioner and with the well-

4  reasoned decision of this Court on some of these issues in Ruchell Gilbert v. United States, Case

5  No. 15-cv-1855-JCC, Dkt. No. 19, 2016 WL 3443898 (W.D. Wash. 2016). The Court hereby

6  joins with the Honorable John C. Coughenour in rejecting the first three arguments advanced by

7  the Government, rejects the fourth and fifth arguments as non-meritorious, and concludes that

8  Petitioner's Motion must be GRANTED.

9  **Discussion**

10  I.      28 U.S.C. § 2255

11  Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the

12  court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

13  > [T]he sentence was imposed in violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to impose such sentence, or that
14  > the sentence was in excess of the maximum authorized by law, or is otherwise
> subject to collateral attack ....

15  28 U.S.C. § 2255. A petitioner seeking relief under § 2255 must file his motion within the one-

16  year statute of limitations set forth in § 2255(f). That section provides that a motion is timely if

17  it is filed within one year of "the date on which the right asserted was initially recognized by the

18  Supreme Court, if that right has been newly recognized by the Supreme Court and made

19  retroactively applicable to cases on collateral review." § 2255(f)(3).

20  The Supreme Court issued its opinion in Johnson on June 26, 2015. Petitioner filed his

21  Motion on May 17, 2016, less than one year later. (Dkt. No. 1.) Petitioner's motion is timely.

22

23

24

1    II.    Waiver

2    The Government argues that Petitioner's Motion should be denied because, as part of his

3    plea agreement, Petitioner expressly waived "[t]he right to bring any collateral attack against

4    Defendant's conviction or sentence, except as it may relate to the effectiveness of legal

5    representation." (Dkt. No. 9 at 7-12.)  Because Petitioner waived the right to collaterally attack

6    his sentence, the Government argues he is not entitled to relief here.  (Id.)

7    The Government's argument is unavailing.  A waiver "will not apply if: . . . 3) the

8    sentence violates the law." United States v. Bibler, 495 F.3d 621, 624 (9th Cir. 2007).  A

9    sentence violates the law if it "exceeds the permissible statutory penalty for the crime or violates

10   the Constitution." Id.  Here, Petitioner was sentenced pursuant to a provision in the Guidelines

11   that is unconstitutionally vague, thereby denying Petitioner due process of law.  See Johnson,

12   135 S. Ct. 2551.  Accordingly, Petitioner's sentence is "'illegal,' and therefore the waiver in his

13   plea agreement does not bar" this Motion.  United States v. Torres, ___ F.3d ___, No. 14-10210,

14   2016 WL 3770517, at *9 (9th Cir. July 14, 2016); see also Gilbert, Case No. 15-cv-1855-JCC,

15   Dkt. No. 19 (W.D. Wash. 2016).

16   III.    Procedural Default

17   The Government next argues that Petitioner's claim is procedurally barred because

18   Petitioner did not argue at his sentencing or on appeal that he was not a career offender or that

19   the Guidelines' residual clause was unconstitutionally vague.  (Dkt. No. 9 at 13-16.)  The Court

20   disagrees.

21   The Court adopts the reasoning of the Gilbert court and finds that Petitioner's claim is not

22   procedurally defaulted because he has demonstrated cause and prejudice.  See Gilbert, Case No.

23   15-cv-1855-JCC, Dkt. No. 19 (W.D. Wash. 2016) (finding the cause requirement satisfied in this

24

context because <u>Johnson</u> explicitly overruled the holdings in <u>Sykes v. United States</u>, 564 U.S. 1 (2011), and <u>James v. United States</u>, 550 U.S. 192 (2007), that the ACCA residual clause was constitutional).  The Court finds that there is a reasonable probability that Petitioner's sentence would have been lower had this Court not erred in sentencing him under the Guidelines' residual clause.

IV.   Retroactivity

The Government further argues that Petitioner's Motion should be denied because Petitioner's sentence was not imposed in violation of the Constitution or the laws of the United States because <u>Johnson</u> does not apply retroactively on collateral review to defendants, such as Petitioner, who are merely challenging a court's advisory Guidelines calculation as opposed to an enhanced ACCA sentence that exceeds the otherwise applicable statutory maximum.  (Dkt. No. 9 at 17-25.)

The Court agrees with and hereby adopts the reasoning of the <u>Gilbert</u> court finding <u>Johnson</u> retroactively applicable in this context.  <u>See</u> <u>Gilbert</u>, Case No. 15-cv-1855-JCC, Dkt. No. 19 at 5-10 (W.D. Wash. 2016); <u>see also</u> <u>Welch</u>, 136 S. Ct. 1257; <u>Reina-Rodriguez v. United States</u>, 655 F.3d 1182, 1189 (9th Cir. 2011).  For the sake of judicial economy, the <u>Gilbert</u> court's analysis is not repeated here.

V.   Reliance by the Court on the Residual Clause

The Government asserts that it is Petitioner's burden to establish, by a preponderance of the evidence, that this Court relied on the residual clause in assessing his career offender status.  <u>See</u> Answer, Dkt. No. 4 at 19-21.  The Court finds the argument unpersuasive.

 First of all, the Court questions the standard of proof propounded by the Government.  "Preponderance of the evidence" is the standard for <u>evidentiary</u> proof at a § 2255 hearing; *cf.* 28

James Wm. Moore et al., Moore's Fed. Prac. § 672.10[3].  The Supreme Court has pronounced a "harmless error" standard for constitutional error occurring during trial or sentencing: did the error have a "substantial and injurious effect" on the sentence?  Brecht v. Abrahamson, 507 U.S. 619, 623 (1993).  The application of an evidentiary standard to the issues before this Court is not even appropriate:

> The case before us does not involve a judge who shifts a "burden" to help control the presentation of evidence at a trial, but rather involves a judge who applies a legal standard (harmlessness) to a record that the presentation of evidence is no longer likely to affect.

O'Neal v. McAninch, 513 U.S. 432, 436 (1995).

More importantly, the Court does not agree that the burden is on Petitioner to demonstrate that the Court relied on the residual clause in determining his career offender status. Analogizing from a series of cases which invalidated jury verdicts where alternate theories of guilt were presented and the jury may have relied on an invalid one (*see* Stromberg v. California, 283 U.S. 359 (1931); Zant v. Stephens, 462 U.S. 862, 881 (1983), O'Neal, 513 U.S. at 434), the Court finds that, rather than placing the burden on the Petitioner in a circumstance where it is unclear whether an unconstitutional portion of the statute was relied upon, the "risk of doubt" is upon the Government.  O'Neal, 513 U.S. at 439.

It is clear from the sentencing record that there was no legal analysis conducted to arrive at the determination of Petitioner's career offender status.  Everyone present at the hearing simply agreed that his previous convictions were for crimes of violence.  Under these circumstances, the Government cannot demonstrate that the Court relied on a valid constitutional ground in making its decision.  The possibility that the residual clause may have determined the Court's decision constitutes a constitutional error that was not harmless; i.e., had a substantial

1   and injurious effect on Petitioner's sentence.  Absent the determination of career offender status,

2   there is no question that this Court would have meted out a lesser sentence to Petitioner.

3          VI.     Robbery as an "Enumerated" Crime of Violence

4          Finally, the Government contends that Petitioner's robbery conviction qualifies as an

5   "enumerated" crime of violence because it appears, not in the text of U.S.S.G. § 4B1.2, but in the

6   commentary to that section.  The Court notes, at the outset, that Guidelines commentary has the

7   force of authority only to the extent that it is consistent with the approved text of the Guidelines.

8   *See* <u>Stinson v. United States</u>, 508 U.S. 36, 38, 40-41 (1993).

9          More to the point, however, the Court finds that the commentary cited by Government

10   exists for the purpose of interpreting the now-invalidated residual clause.  Because robbery in

11   Washington requires no more than *de minimis* force and does not require the use or threatened

12   use of violent physical force, the "robbery" reference in the commentary cannot be seen as

13   interpreting or explaining the "force" clause.  It only makes sense in reference to the residual

14   clause, which was concerned with the "serious potential risk of physical injury" posed by other,

15   non-enumerated offenses.  *See* § 4B1.2(a)(2).  Nor, clearly, can it be seen as explanatory or

16   interpretive of the four enumerated (non-robbery) offenses.

17          Prior to the definitive <u>Johnson</u> opinion, the courts had held that a robbery committed in

18   Washington (in the first or second degree) qualified as a "crime of violence" for career offender

19   purposes under the residual clause.  *See* <u>U.S. v. Pavlovich</u>, 2014 WL 6473736 at *3-5; <u>U.S. v.</u>

20   <u>Alvarado-Pineda</u>, 2012 LW 4433283 at *4.  With the text of the residual clause having been

21   declared unconstitutional, the commentary supporting that text becomes similarly non-

22   compelling and the Government's attempt to cite it in support of their opposition to Petitioner's

23   motion is rejected.

24

1

**Conclusion**

2      The Court finds that Mr. Dietrick was erroneously sentenced as a career offender in

3  violation of the law.  Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence

4  is GRANTED.  (Dkt. No. 1.)  The Court VACATES and SETS ASIDE the judgment as to David

5  Dietrick in United States v. David Dietrick, Case No. CR11-253 MJP, Dkt. No. 27 (W.D. Wash.

6  2013).  The Court will resentence Petitioner, permit him to submit objections to his Presentence

7  Report pursuant to Federal Rule of Criminal Procedure 32(i)(1)(D), and allow both sides to argue

8  for an appropriate and lawful sentence.

9

10

11      The clerk is ordered to provide copies of this order to all counsel.

12      Dated this 18th day of August, 2016.

13

14

15

Marsha J. Pechman
16                                              United States District Judge

17

18

19

20

21

22

23

24

ORDER ON § 2255 MOTION - 9